UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>MALLOT, et al.,<br><br>    Defendants. | No. 2: 14-cv-0363 GEB KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to strike plaintiff's reply to the answer (ECF No. 26), and plaintiff's request for leave to take depositions upon written questions (ECF No. 25.)

<u>Motion to Strike</u>

On July 2, 2014, defendants filed an answer.  (ECF No. 20.)  On July 18, 2014, plaintiff filed a reply to defendants' answer.  (ECF No. 24.)  Defendants now move to strike plaintiff's reply.

////

////

////

////

1

In the motion to strike, defendants correctly observe that a reply to an answer is not authorized unless the courts orders one. See Fed. R. Civ. P. 7(a)(7). (ECF No. 26.) In this action, the court did not order a reply, nor is one required. Accordingly, defendants' motion to strike is granted.

<u>Request to Take Depositions Upon Written Questions</u>

Plaintiff requests that he be allowed to take defendants' depositions upon written questions. (ECF No. 25.) On August 11, 2014, defendants filed objections to this request. (ECF No. 27.)

Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31. The procedure would involve plaintiff sending out a notice of deposition identifying "(a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur." Lopez v. Horel, 2007 WL 2177460 n.2 (N.D.Cal. July 27, 2007), aff'd, 367 F. App'x 810 (9th Cir. 2010). Therefter, there would be an opportunity for the parties to exchange written cross-examination questions for the witness, followed by written re-direct questions, and then written re-cross-examination questions. Id. The questions would then be sent to the deposition officer who would depose the witness with the scripted questions. Id. As for an oral deposition, the responses are reported and the transcript prepared by a court reporter. Id.

"To obtain a deposition upon written questions, the prisoner thus has to pay the ... deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings." Id. "'Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition officer fees.'" Brady v. Fishback, 2008 WL 1925242 * 2 (E.D.Cal. Apr. 30, 2008) (quoting Jackson v. Woodford, 2007 WL 2580566, at *1. (S.D.Cal. August 17, 2007)).

Defendants object that plaintiff's notice of deposition is defective because it fails to identify the officer taking the deposition. Defendants' objection is well taken. For this reason, defendants may disregard plaintiff's request to take depositions upon written questions.

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike plaintiff's reply (ECF No. 26) is granted; and
2. Defendants may disregard plaintiff's request to take depositions upon written questions.

Dated: August 29, 2014

Can363.dep

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE