UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>        Plaintiff,<br><br>  v.<br><br>MALLOT, et al.,<br><br>        Defendants. | No. 2:14-cv-0363 GEB KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to interview inmate witnesses (ECF No. 32) and plaintiff's motion for appointment of an expert witness (ECF No. 33). For the following reasons, these motions are denied.

To put these motions in context, the undersigned herein sets forth plaintiff's claims.

Plaintiff's Claims

This action is proceeding on the original complaint as to defendants Torres, Lee, Pavich, Mallot and Kitch. Plaintiff alleges that on July 26, 2013, he had suicidal thoughts. He was handcuffed and then taken from his cell and placed in a holding cage. When defendants Pavich and Lee arrived to take plaintiff to see medical staff, defendant Pavich placed the handcuffs on plaintiff's wrists so tightly that they caused pain and cut off circulation. Defendant Pavich also placed leg irons on plaintiff so tightly that they caused pain and cut off circulation. Both

1

1  defendants refused plaintiff's request to loosen the restraints.

2        Plaintiff was then forced to walk approximately 300 feet to a transportation vehicle.
3  When plaintiff arrived at the A Facility Treatment Center, the nurse who saw him refused to
4  loosen the restraints.

5        After talking to the nurse, plaintiff was taken to the sally port by defendants Pavich and
6  Lee and placed in a holding cage the size of a phone booth. On the way to the holding cage,
7  plaintiff heard defendant Torres say to defendants Pavich and Lee, "You didn't see nothing. You
8  didn't hear nothing."

9        There were other inmates in nearby holding cages complaining of long waits, cold
10 weather and tight restraints. Plaintiff asked A yard officers defendants Mallot, Torres and Kitch
11 to loosen his restraints. These three defendants refused to help plaintiff.

12       After two hours, plaintiff needed to use the restroom. Defendants Mallot, Torres and
13 Kitch refused plaintiff's request to use the restroom. Plaintiff's shoulders began to hurt because
14 he was handcuffed behind his back. Plaintiff wore only boxer shorts and a t shirt.
15 After five hours, plaintiff was forced to walk back through the Treatment Center with the
16 restraints cutting his skin at his wrists and ankles. Plaintiff was driven to C yard and placed on
17 suicide watch.

18       When defendants Pavich and Lee removed the restraints, there were cuts, scrapes and
19 bruises on plaintiff's wrists and ankles. When plaintiff asked for medical attention, defendants
20 Pavich and Lee told plaintiff that there was no medical staff on duty.

21 <u>Plaintiff's Motion to Interview Inmate Witnesses</u>

22       Plaintiff alleges that it is difficult for him to locate the inmate witnesses who were in the A
23 facility holding cage area with him. Plaintiff requests that the court order the Warden or his
24 subordinates to locate those inmate witnesses and allow plaintiff to talk to them.

25       Plaintiff does not identify the inmate witnesses. As noted by defendants in their
26 opposition, the California Code of Regulations contains procedures for inmate requests to
27 correspond with other inmates. These procedures require the inmate requesting correspondence
28 to identify the inmate with whom they wish to correspond. Plaintiff has not complied with these

procedures.

Moreover, to the extent plaintiff is requesting that the court direct the Warden to identify the inmates in the holding cell area with him, it is unlikely the Warden could comply with that order. The undersigned recently denied plaintiff's motion to compel where he requested copies of the log books for inmates in the A facility holding cell area at the time of the incident as well as names of the inmates in the holding cells. Defendants responded that the log books containing the names of the inmates in the A facility holding cells could not be located. Defendants also represented that the search for these log books would continue.

For the reasons discussed above, plaintiff's request that the Warden be ordered to identify and allow him to interview the inmates in the holding cell area with him is denied.

In the pending motion, plaintiff also attaches a holding cell log which he alleges contains the name of one of the inmate witnesses. The holding cell log indicates that inmate Ascensio was in holding cell 2 on July 26, 2013, beginning at 1900 for approximately 15 minutes. (ECF No. 32 at 5.) Also included is the holding cell log for plaintiff. (Id.) This log indicates that plaintiff was placed in the holding cell at 2347, i.e., after Ascensio was released. (Id.) Therefore, inmate Ascensio is not a witness because he was not in an A facility holding cell at the same time as plaintiff. For these reasons, and because it does not appear that plaintiff requested to communicate with inmate Ascensio using the procedures outlined in the California Code of Regulations, plaintiff's motion to communicate with inmate Ascenscio is denied.

Motion for Expert Witness

Plaintiff requests that an expert witness be appointed pursuant to Federal Rule of Evidence 706. Plaintiff requests that the court appoint an expert doctor to testify regarding the use of physical restraints, the risks of being exposed to cold air and the health problems caused as a result of not being able to use a restroom.

Federal Rule of Evidence 706 authorizes the court to appoint an expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated and remanded on other grounds by Helling v. McKinney, 502 U.S. 903, 112

1  S. Ct. 291 (1991).  Rule 706 allows only for the appointment of a neutral expert.  It does not

2  provide for the appointment of an expert on plaintiff's behalf.  Gorton v. Todd, 793 F.Supp.2d

3  1171, 1177–78 (E.D.Cal. 2011).

4       Rule 706 permits a court to appoint a neutral expert to assist the court to understand

5  complex, technical, or esoteric subject matter.  See Walker v. Am. Home Shield Long Term

6  Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999); Gorton v. Todd, 793 F.Supp.2d at 1177.

7       Plaintiff appears to request that the expert testify on his behalf.  Rule 706 does not

8  authorize the court to appoint an expert for plaintiff.  In addition, the issues in this action are not

9  complex, technical or esoteric.  Plaintiff may himself testify regarding the alleged discomfort and

10  pain he suffered.  For these reasons, appointment of an expert is not warranted.

11       Accordingly, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's motion to interview inmates witnesses (ECF No. 32) is denied; and

13       2.  Plaintiff's motion for appointment of an expert witness (ECF No. 33) is denied.

14  Dated:  October 29, 2014

16  Can363.exp

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE