UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>        Plaintiff,<br><br>   v.<br><br>MALLOT, et al.,<br><br>        Defendants. | No.  2:14-cv-0363 GEB KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C § 1983. This action is set for a trial confirmation before the Honorable Garland E. Burrell on November 6, 2015. This action is set for jury trial before Judge Burrell on December 1, 2015.

Following summary judgment, this action is set to proceed to trial as to plaintiff's claims alleging that defendants Kitch, Lee, Mallot, Pavich and Torres used excessive force in violation of the Eighth Amendment. In particular, plaintiff alleges that on July 26, 2013, defendants Pavich and Lee applied handcuffs and leg restraints so tightly that they caused plaintiff to suffer injuries. Plaintiff alleges that all defendants refused plaintiff's requests to loosen the handcuffs and leg restraints.

The following pretrial matters are pending before the court.

////

1    In his pretrial statement, plaintiff listed medical and mental health staff as witnesses.
2 Plaintiff did not specifically identify the medical and mental health staff he intended to call as
3 witnesses.  The September 24, 2014 pretrial order granted plaintiff thirty days to file
4 supplemental briefing specifically identifying his medical and mental health staff witnesses.
5 Thirty days passed and plaintiff did not file this supplemental briefing.  Accordingly, the pretrial
6 order is amended to state that plaintiff does not intend to call any medical or mental health staff as
7 witnesses.  However, as noted in the pretrial order, plaintiff may call any witness designated by
8 defendants.

9    In his pretrial statement, plaintiff listed handcuffs, leg restraints, the Department
10 Operations Manual ("D.O.M.") and Suicide Prevention Manual as exhibits.  On October 19,
11 2015, plaintiff filed a motion requesting that defendants be ordered to bring these exhibits to trial
12 on his behalf as he does not have access to them.  (ECF No. 84.)  Plaintiff also alleges that he will
13 be transported to trial wearing handcuffs and leg restraints.  Plaintiff suggests that he could
14 demonstrate how the handcuffs and leg restraints were allegedly applied to him by defendants
15 using the handcuffs and leg restraints worn at trial.

16    Plaintiff's request that he be permitted to demonstrate how the handcuffs and leg restraints
17 were allegedly applied by defendants using those worn to court is reasonable.  Plaintiff may make
18 this request to the trial judge.

19    Plaintiff requests that defendants be ordered to bring the D.O.M. and Suicide Prevention
20 Manual to trial because these manuals are not given to inmates.  Plaintiff states that he could
21 return these manuals to the law library at the conclusion of the trial.

22    Plaintiff is not alleging that he does not have access to these manuals.  Rather, plaintiff
23 appears to allege that he is not permitted to bring the entire manuals to trial.  It is unlikely that
24 plaintiff requires the entire D.O.M. and Suicide Prevention Manual at trial.  Plaintiff may review
25 these manuals in the law library prior to trial and obtain copies of the sections he intends to offer
26 as exhibits.  For these reasons, plaintiff's request that defendants be ordered to bring the D.O.M.
27 and Suicide Prevention Manual to trial is denied.
28 ////

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion requesting that
2  defendants be ordered to bring evidence to trial, i.e., motion for tangible evidence (ECF No. 84),
3  is denied as to plaintiff's request for the D.O.M. and Suicide Prevention Manual; plaintiff may
4  raise his request to use the handcuffs and leg restraints worn to trial for demonstration purposes
5  with the trial judge.

6  Dated:  October 29, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Can363.exh