UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>MALLOT, et al.,<br><br>                    Defendants. | No. 2: 14-cv-0363 GEB KJN P<br><br><br><br>ORDER |

       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the undersigned on January 11, 2016.

       Pending before the court is plaintiff's November 23, 2015 motion for an order directing the law librarian to copy his trial exhibits. (ECF No. 96.) On December 1, 2015, defendants filed a response to this motion. (ECF No. 99.)

       Plaintiff alleges that the law librarian at California State Prison-Sacramento ("CSP-Sac") refuses to copy all of his trial exhibits. Attached as an exhibit to plaintiff's motion as exhibit A is a CDCR 22 Request for Interview Form, signed by plaintiff on November 17, 2015. In this form, plaintiff requests that the law librarian copy his trial exhibits. In response, a prison official identified as "Turner" states,

////

////

1

1
2
3
>The trial exhibits have non-legal docs that cannot be copied in law library—according to DOM Rule 14010.21.3...[had] newspaper clippings, articles, correspondence and formally discussed these things.

4   (Id. at 4.)

5   The section of the Department Operations Manual cited by Officer Turner, i.e., §

6   14010.21.3, provides that inmates are to be charged for copies of all non-legal documents.

7   The pretrial order identified the following exhibits to be offered by plaintiff at trial:  1)

8   Title 15; 2) the D.O.M. Manual; 3) the Suicide Prevention Manual; 4) pictures of the holding cell

9   5) handcuffs; 6) leg irons; 7) all exhibits already on file; and 8) prison legal news magazine that

10   "holds information relevant to the case."  (ECF No. 78 at 6.)

11   Attached to plaintiff's pending motion as an exhibit is a document titled, "Plaintiff Exhibit

12   List."  (ECF No. 96 at 6-7.)  This document lists 19 exhibits:  1) Department of Justice Response

13   to plaintiff's complaint; 2) picture of holding cell; 3) responses from lawyers in Coleman class

14   action; 4) documents showing code of silence; 5) findings and recommendations from the court;

15   6) some of plaintiff's accomplishments while in prison; 7) extracts from the suicide prevention

16   manual; 8) extracts from the D.O.M. Manual; 9) declarations of defendants; 10) interrogatories

17   propounded on defendants; 11) suicide watch tracking log; 12) proof of physical injuries; 13)

18   interdisciplinary progress notes; 14) administrative appeal no. 13-2024; 15) plaintiff's complaint;

19   16) institution response for second level appeal; 17) declaration of Tommy Williams; 18) case

20   law including Spain v. Procunier and Brown v. Plata; 19) request for admissions propounded on

21   defendant Pavich.  (Id.)

22   The pretrial order states that no exhibits other than those listed in the pretrial order will be

23   permitted to be introduced unless the party proffering the exhibit demonstrates that it is for the

24   purpose of rebutting evidence which could not have been reasonably anticipated or could not

25   have been reasonably discovered earlier.

26   In the response to the pending motion, defendants state that they do not object to an order

27   to facilitate the copying of plaintiff's trial exhibits.  Defendants do, however, object to any order

28   with respect to documents that were not identified in the pretrial order.  Defendants state that

fourteen of the exhibits identified in plaintiff's exhibit list were not identified in the pretrial order.

It is difficult to determine whether all of the exhibits listed in plaintiff's exhibit list attached to the pending motion are encompassed by those listed in the pretrial order, because the pretrial order identified "all exhibits already on file" as plaintiff's exhibits.  However, it is clear that the cases listed by plaintiff in his exhibit list are not proper exhibits.  In addition, the undersigned denied plaintiff's request to call inmate Williams as a witness.  (ECF No. 82.)  Thus, inmate Williams' declaration is not a proper exhibit.

Because the trial is less than one month away, there is not adequate time to order plaintiff to file an amended exhibit list clarifying his exhibits.  Therefore, plaintiff's motion for copies is granted as to those documents listed in the pretrial order as well as those documents listed in his exhibit list attached to the pending motion except:  the librarian need not copy (1) responses from lawyers in the Coleman class action; (2) findings and recommendations from the court; (3) any legal cases; and (4) the declaration of inmate Williams.  At trial, defendants may object to any exhibit on the grounds that it was not identified in the pretrial order.

While defendants have responded to the pending motion, it does not appear that they are capable of responding to the order for plaintiff to be provided with copies of his exhibits.  Instead, the CSP-Sac law librarian is the appropriate prison official to respond to this order.  However, the CSP-Sac law librarian is not a defendant in this action.  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact that one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

////

1  The court is concerned that it may lose jurisdiction if plaintiff is not permitted to obtain
2  copies of his trial exhibits.  Plaintiff is required to provide copies of his exhibits to defendants and
3  the court in order to proceed to trial.  Accordingly, the CSP-Sac law librarian is ordered to
4  provide plaintiff with copies of his trial exhibits, as discussed above, regardless of whether they
5  are deemed "non-legal."  If the CSP-Sac law librarian objects to the instant order, through
6  counsel, they may file a motion requesting that plaintiff be ordered to pay for the copies of the at-
7  issue exhibits.  The undersigned anticipates that defense counsel will assist in facilitating the
8  copying of plaintiff's exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for copies of trial exhibits (ECF No. 96) is granted;

2.  The CSP-Sac law librarian shall provide plaintiff with copies of his trial exhibits, as discussed above, within ten days of the date of this order;

3. The Clerk of the Court is directed to serve a copy of this order on the Law Librarian at California State Prison-Sacramento, California State Prison-Sacramento, P.O. Box 290066, Represa, California, 95671-0066, and Supervising Deputy Attorney General Monica Anderson.

Dated:  December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Can363.ll