UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MALLOT, et al.,<br><br>　　　　Defendants. | No. 2: 14-cv-0363 GEB KJN P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the undersigned on January 11, 2016. Pending before the court is plaintiff's November 30, 2015 objection to defendants' request to add exhibits and motion for sanctions. (ECF No. 100.) In this motion, plaintiff objects to defendants' request to add additional exhibit following issuance of the pretrial order. Plaintiff also requests an in camera review of suicide watch tracking logs. On December 7, 2015, defendants filed a response to this motion.

　　　For the following reasons, plaintiff's motion is denied in part, and defendants are ordered to file further briefing.

////

////

////

1

Plaintiff's Claims

To put the pending motion in context, the undersigned summarizes plaintiff's claims herein.

This action proceeds to trial as to plaintiff's claims that defendants Kitch, Lee, Mallot, Pavich and Torres used excessive force in violation of the Eighth Amendment. In particular, plaintiff alleges that on July 26, 2013, plaintiff had suicidal thoughts. He was handcuffed and then taken from his cell and placed in a holding cage. When defendants Pavich and Lee arrived to take plaintiff to see medical staff, defendant Pavich placed the handcuffs on plaintiff's wrists so tightly that they caused pain and cut off circulation. Defendant Pavich also placed leg irons on plaintiff so tightly that they caused pain and cut off circulation. Both defendants refused plaintiff's request to loosen the restraints.

Plaintiff was then forced to walk approximately 300 feet to a transportation vehicle. When plaintiff arrived at the A Facility Treatment Center, the nurse who saw him refused to loosen the restraints.

After talking to the nurse, plaintiff was taken to the sally port by defendants Pavich and Lee and placed in a holding cage the size of a phone booth. On the way to the holding cage, plaintiff heard defendant Torres say to defendants Pavich and Lee, "You didn't see nothing. You didn't hear nothing."

There were other inmates in nearby holding cages complaining of long waits, cold weather and tight restraints. Plaintiff asked A yard officers defendants Mallot, Torres and Kitch to loosen his restraints. These three defendants refused to help plaintiff.

After two hours, plaintiff needed to use the restroom. Defendants Mallot, Torres and Kitch refused plaintiff's request to use the restroom. Plaintiff's shoulders began to hurt because he was handcuffed behind his back. Plaintiff wore only boxer shorts and a t-shirt. After five hours, plaintiff was forced to walk back through the Treatment Center with the restraints cutting his skin at his wrists and ankles. Plaintiff was driven to C yard and placed on suicide watch.

When defendants Pavich and Lee removed the restraints, there were cuts, scrapes and bruises on plaintiff's wrists and ankles. When plaintiff asked for medical attention, defendants

2

1  Pavich and Lee told plaintiff that there was no medical staff on duty.

2  Defendants' Request to Add Additional Exhibits

3  *Motion to Compel*

4  On September 2, 2014, plaintiff filed a motion to compel.  (ECF No. 29.)   Plaintiff
5  requested that defendants produce the names of all inmates in the A facility holding cells at the
6  same time as plaintiff because they were witnesses to the incidents.  In response, defendants
7  stated that the holding cell logs for A Facility sally port holding cells for July 26-27, 2013, could
8  not be located.  Defendants produced the declarations off Correctional Lieutenant Ellin and
9  Litigation Coordinator Young describing their searches for these documents.  (ECF Nos. 34-1 and
10  34-2.) Litigation Coordinator Young stated that to his knowledge, the logs had not been
11  destroyed and he had instructed his staff to keep searching for them.  (ECF No. 34-2 at 3.)

12  On October 23, 2014, the undersigned denied plaintiff's motion to compel seeking the
13  names of the inmates in the A Facility holding cells on grounds that the logs containing these
14  names could not be located after a reasonable inquiry and exercise of due diligence.  (ECF No.
15  40.)

16  *Pending Motion*

17  On September 24, 2015, the pretrial order was filed.  (ECF No. 78.)  The pretrial order
18  states that no exhibits, other than those listed in the pretrial order, may be introduced unless 1) the
19  party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence
20  which could not have been reasonably anticipated; or 2) the exhibit was discovered after the
21  issuance of the pretrial order and, in relevant part, the proffering party demonstrates that the
22  exhibit could not reasonably have been discovered earlier.  (Id.)

23  On November 16, 2015, defendants filed a notice to add additional exhibits at trial.  (ECF
24  No. 93.)  In particular, defendants state that they may offer the A Facility holding cell logs for
25  July 26-27, 2013.  (Id.)  Referencing their efforts to locate these logs as discussed in the order
26  denying plaintiff's motion to compel, defendants state that these documents could not have been
27  reasonably discovered earlier.  Defendants state that on November 10, 2015, in response to
28  inquiries from defendants' counsel,

3

> CSP-Sacramento informed Defendants' counsel that holding-cell logs had been located, and defendants' counsel received copies of the logs on November 12, 2015. Copies of the logs were sent to Plaintiff on November 16, 2015. Given the extension of the trial date until January 11, 2016, there is no prejudice to plaintiff to allow the logs as evidence at trial. In addition, this exhibit should be allowed at trial because it is relevant to rebut plaintiff's claim that at the time he was in the holding cell, there were other inmates in other holding cells complaining of tight restraints.

(Id.)

In the pending motion, plaintiff objects to defendants' request to add the recently discovered A Facility holding cell logs. (ECF No. 100.) Plaintiff also requests that defendants be sanctioned for failing to provide these holding cell logs to plaintiff in response to his motion to compel. (Id.) Plaintiff states that the recently provided holding cell logs are attached to his motion as exhibit A. (Id.) Plaintiff states that these logs demonstrate that there were other inmates in the Facility A holding cells at the same time as plaintiff. (Id.)

In their opposition to the pending motion, defendants state that the recently produced logs show that no other inmates were in the holding cells at the same time as plaintiff. (ECF No. 101.) Defendants state that they have made the required showing for adding additional exhibits and that they should not be sanctioned. (Id.) Defendants state that they intend to offer the logs to rebut plaintiff's claim that other inmates were in the holding cells at the same time as plaintiff. (Id.)

In order to add the recently discovered logs to their exhibit list, defendants must demonstrate that the logs could not have been reasonably discovered earlier.[1] Defendants have not met this burden. In response to the motion to compel, Litigation Coordinator Young represented that his staff would continue looking for the logs. Defendants do not explain why these logs were only recently discovered if, according to Litigation Coordinator Young, the search was on-going. Accordingly, within ten days of the date of this order, defendants shall file further briefing in support of their request to add these logs to their exhibit list. The further briefing shall include a declaration by the relevant prison official explaining why these documents

---

[1] Plaintiff's evidence that other inmates were in the holding cells at the same time as him is evidence that should have been reasonably anticipated. Thus, defendants must demonstrate that the logs could not reasonably have been discovered earlier. (See ECF No. 78 (pretrial order describing standards for adding exhibits after issuance of pretrial order).)

4

1  were only recently discovered and where they were discovered.

2      For the reasons stated herein, in their further briefing, defendants shall also address
3  whether inmate Chavez was in an A Facility holding cell at the same time as plaintiff.

4      Plaintiff arrived at the A yard Sally Port on July 26, 2013 at "2347," or 11:47 p.m.  (ECF
5  No. 100 at 13.)  Plaintiff was released on July 27, 2013 at "0210."  (Id.)  The recently produced
6  logs state that inmate Chavez was admitted on July 26, 2013, at "1800."  (Id. at 8.)  However, the
7  log for inmate Chavez does not state when he was released.  (Id.)  For that reason, it is unclear
8  whether inmate Chavez was in the A Facility Holding Cell area at the same time as plaintiff.[2]

9      The logs for the 9 other inmates identified in the recently produced logs indicate that they
10 were not in the A Facility holding cells at the same time as plaintiff.

11     The undersigned will consider plaintiff's motion for sanctions following receipt of
12 defendants' further briefing.

13 <u>In Camera Review of Suicide Logs</u>

14     In the September 2, 2014 motion to compel, plaintiff sought the log book for B Yard and
15 A yard "during the incident."  (ECF No. 40 at 2.)  In response, Litigation Coordinator Young
16 found pages from the B yard log book and Suicide Watch Tracking Log for first and second
17 watches for July 27, 2013.  (Id. at 4.)  These documents were sent to defense counsel with the
18 names of the inmates appearing on them redacted for safety, security and medical privacy
19 reasons.  (Id.)  On October 2, 2014, defendants provided these redacted documents to plaintiff.
20 (Id.)

21     In the order denying plaintiff's motion to compel, the undersigned stated,

22         With regard to the suicide logs, plaintiff's reply clarifies that he is
        really seeking what appears to be medical records.  Request nos. 1
23

---

[2] The log for inmate Ascencio is also difficult to read.  (Id. at 13.)  However, the log for inmate Ascensio is on the same page as plaintiff's log.  (Id.)  Plaintiff has had possession of his own log for some time, as he referenced this log in his September 17, 2014 motion to interview inmate Ascensio.  (ECF No. 32.)  In their opposition to plaintiff's motion to interview inmate Ascensio, defendants stated that the log indicated that inmate Ascensio was in holding cell 2 on July 26, 2013, beginning at 1900 for approximately 15 minutes.  (ECF No. 41 at 3.)  Because plaintiff was placed in the holding cell after inmate Ascensio was released, the undersigned denied plaintiff's request to communicate with inmate Ascensio.

>  and 3 clearly do not seek medical records.  Plaintiff may not amend
>  his discovery request by way of his reply to defendants' opposition
>  to the motion to compel.

(Id.)

In the pending motion, plaintiff requests an in camera review of the un-redacted suicide log provided to him by defendants in response to his discovery requests in October 2014.  (ECF No. 100.)  Plaintiff also requests an in camera review of the mental health records of the inmates whose names were redacted on the suicide log.  (Id.)

In response to the pending motion, defendants state that they produced the at-issue suicide log to plaintiff on October 2, 2014.  (ECF No. 101 at 3.)  Defendants state that after receiving this document, plaintiff failed to challenge the redaction of the log, move for production of an un-redacted document, or ask the court for an in camera inspection.  (Id.)  Defendants argue that it is too late for plaintiff to seek additional discovery or an order to produce an un-redacted version of the log.  (Id.)  Defendants observe that discovery has been closed since October 31, 2014.[3]  (Id.)

The undersigned agrees with defendants that plaintiff's request for an in-camera review of the unredacted suicide log and the mental health records of the inmates identified in that log is untimely.  For that reason, plaintiff's request for review of these records is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, defendants shall provide the court with the further briefing discussed above regarding their request to add additional exhibits;

////

////

---

[3] Defendants also state that the Suicide Watch Tracking Log shows another inmate began suicide watch in cell CZZ-022 at 0215, i.e., the same time as plaintiff.  (Id. at 4.)  Defendants state that this inmate is not on any of the holding cell logs recently produced to plaintiff.  (Id.)  Thus, the inmate's identity is not relevant.  (Id.)

In his request for judicial notice filed December 9, 2015, plaintiff argues that all inmates placed on suicide watch are placed in Facility A holding cages.  (ECF No. 103.)  Plaintiff argues that the inmate on suicide watch at the same time as plaintiff was in an A Facility holding cell at the same time as plaintiff.  Plaintiff should have brought this claim to the attention of the court during discovery, and not one month before trial.  For this reason, the undersigned will not further consider plaintiff's speculation that the inmate on suicide watch was in a Facility A holding cell at the same time as plaintiff.

2. Plaintiff's motion for an in camera review of suicide logs and mental health records, contained in his November 30, 2015 objections and motion for sanctions (ECF No. 100) is denied.

Dated: December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Can363.san